# Exhibit A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

WILLARD DAMRON,            Case No: 22       NI

     Plaintiff,            Hon.

vs.

MAHENDRASINGH RATHOD and
SINGH FREIGHT SERVICES INC.,

     Defendants.
_____/

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Shawn P. McKay P-77856**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050
smckay@855mikewins.com
ecadez@855mikewins.com
_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 1.109(D)(2)(a)(i).

/s/ Shawn P. McKay
_____
Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Shawn P. McKay P-77856

NOW COMES Plaintiff, Willard Damron, by and through his attorneys, Mike Morse Law Firm, and for his Complaint against the above named Defendants, Mahendrasingh Rathod and Singh Freight Services Inc., states as follows:

**COMMON ALLEGATIONS**

1. Plaintiff, Willard Damron, is a resident of the City of Romulus, County of Wayne, State of Michigan.

2. Defendant, Mahendrasingh Rathod, upon information and belief, is a resident of the Township of Bensalem, County of Bucks, State of Pennsylvania.

3. Defendant, Singh Freight Services Inc., is a Virginia corporation, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

**COUNT I**
**NEGLIGENCE CLAIM AS TO DEFENDANT,**
**MAHENDRASINGH RATHOD**

5. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs l through 4 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

6. On or about May 25, 2021, Plaintiff, Willard Damron, was the operator of a 1988 Chevrolet motor vehicle, bearing Michigan license plate number DPJ9326, which motor vehicle was being driven in a careful and prudent manner on eastbound Goddard Road, at or near the intersection of Metro Airport Center Drive, in the City of Romulus, County of Wayne, State of Michigan.

7. At the aforementioned place and time, Defendant, Mahendrasingh Rathod, was the operator of a 2019 Freightliner motor vehicle, bearing Virginia license plate number 35505PZ,

2

which motor vehicle said Defendant was driving in a careless, reckless and negligent manner, backing his vehicle in a northwesterly direction onto eastbound Goddard Road, at or near the intersection of Metro Airport Center Drive, in the City of Romulus, County of Wayne, State of Michigan, when said Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Willard Damron, as hereinafter alleged.

8. On the aforementioned day and date, Defendant, Mahendrasingh Rathod, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Romulus.

9. Contrary to the duties owed to Plaintiff, Defendant, Mahendrasingh Rathod, was negligent, careless and reckless in several respects, including the following:

(a) Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

(b) Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

(c) Failing to keep the motor vehicle constantly under control;

(d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

(g) Failing to yield to all approaching vehicles, MCL 257.649;

(h) Failing to exercise reasonable and ordinary care to keep sharp

3

lookout so as to avoid striking Plaintiff's vehicle;

(i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(j) Failing to make timely use of the braking system with which said vehicle is equipped;

(k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l) Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m) Negligently blocking, obstructing, impeding or otherwise interfering with the normal flow of traffic upon a public street in violation of MCL 257.676(b);

(n) Negligently backing his vehicle in an improper manner;

(o) In otherwise negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonable prudent semi-truck and trailer operator under the same or similar circumstances and in otherwise causing the injuries and damages to Plaintiff as hereinafter alleged; and,

(p) Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

10. As a result of said collision, Plaintiff, Willard Damron, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of his natural enjoyments of life, due to his injuries which include but are not limited to: ***traumatic injuries to his left knee requiring surgical intervention, and traumatic injuries to his neck, back and left wrist,*** among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is

objectively manifested; is an impairment of an important body function; and it affects the Plaintiff's general ability to lead his normal life.

11. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

12. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Willard Damron, respectfully requests that judgment be entered in his favor against Defendant, Mahendrasingh Rathod, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

### COUNT II
### NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, SINGH FREIGHT SERVICES INC.

13. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

14. On the aforementioned date and time, Defendant, Singh Freight Services Inc., was

5

the owner of the 2019 Freightliner motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Mahendrasingh Rathod, when Defendant, Singh Freight Services Inc., knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Romulus, in direct disregard for the safety of Plaintiff, Willard Damron.

15. Defendant, Mahendrasingh Rathod, was acting with the expressed and/or implied consent of Defendant, Singh Freight Services Inc.

16. Defendant, Singh Freight Services Inc., is liable under the Owner's Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Mahendrasingh Rathod.

17. On May 25, 2021, upon information and belief, Defendant, Mahendrasingh Rathod, was acting within the course and scope of his employment with Defendant, Singh Freight Services Inc., when he negligently struck Plaintiff's vehicle while operating the 2019 Freightliner motor vehicle.

18. Based upon information and belief, Defendant, Singh Freight Services Inc., is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Mahendrasingh Rathod, in that it employed the negligent driver, Defendant, Mahendrasingh Rathod, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

19. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims

excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Willard Damron, respectfully requests that judgment be entered in his favor against Defendants, Mahendrasingh Rathod and Singh Freight Services Inc., for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
### NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, SINGH FREIGHT SERVICES INC.

20. Plaintiff, Willard Damron, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 19 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

21. On May 25, 2021, Defendant, Mahendrasingh Rathod, was employed by Defendant, Singh Freight Services Inc.

22. Defendant, Singh Freight Services Inc., is responsible for those negligent acts performed within the scope of Defendant, Mahendrasingh Rathod's, employment.

23. Defendant, Singh Freight Services Inc., hired Defendant Mahendrasingh Rathod.

24. Defendant, Singh Freight Services Inc., had a duty to investigate Defendant, Mahendrasingh Rathod, Defendant, Mahendrasingh Rathod's, driving record and Defendant, Mahendrasingh Rathod's, driving ability.

25. Defendant, Singh Freight Services Inc., failed to properly investigate Defendant, Mahendrasingh Rathod, Defendant, Mahendrasingh Rathod's driving record and Defendant, Mahendrasingh Rathod's, driving ability and made insufficient efforts to investigate whether or

not Defendant, Mahendrasingh Rathod, was a safe, fit and competent driver.

26. Defendant, Singh Freight Services Inc., knew, had reason to know or should have known, that Defendant, Mahendrasingh Rathod, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

27. Defendant, Singh Freight Services Inc., knew or had reason to know or should have known that by hiring Defendant, Mahendrasingh Rathod, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, Singh Freight Services Inc., and/or Defendant, Mahendrasingh Rathod, caused Plaintiff's injuries.

28. Defendant, Singh Freight Services Inc., failed to supervise or otherwise monitor, train, educate or discipline Defendant, Mahendrasingh Rathod, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

29. The negligence of Defendant, Singh Freight Services Inc., in hiring and/or retaining and/or supervising Defendant, Mahendrasingh Rathod, was a proximate cause of Plaintiff's injuries.

30. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Willard Damron, respectfully requests that judgment be entered

in his favor against Defendant, Singh Freight Services Inc., and Defendant, Mahendrasingh Rathod, for whatever amount in excess of $25,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

        Respectfully submitted,

        MIKE MORSE LAW FIRM
        Attorneys for Plaintiff

        /s/ Shawn P. McKay
        _____
        Marc J. Mendelson P-52798
        Eric M. Simpson P-57232
        Shawn P. McKay P-77856
        24901 Northwestern Highway, Suite 700
        Southfield, Michigan 48075
        (248) 350-9050

Dated:   January 21, 2022